**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TONY RIBERA, on behalf of himself and all persons similarly situated,**<br><br>    Plaintiffs,<br><br>vs.<br><br>**SIMPLE CUTS, LLC, FRANK CIUFO, Individually and ANGELA DELILLO-CIUFO, Individually,**<br><br>    Defendants. | Civil Action No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff TONY RIBERA ("Ribera" or "Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants, SIMPLE CUTS, LLC, and all other affiliated entities and/or joint employers ("Simple Cuts" or "corporate Defendant"), FRANK CIUFO, individually ("Ciufo"), and ANGELA DELILLO-CIUFO, individually ("DeLillo"), (collectively "individual Defendants") (the corporate and individual Defendants are hereinafter collectively referred to as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4q et seq. ("NJWPL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself

and all other persons similarly situated –landscape laborers- who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Beginning in or about August, 2022, and continuing to August 2023, Defendants engaged in a policy and practice of requiring Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state law.

4. The Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover the overtime compensation that Plaintiff and similarly situated employees were deprived of, liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiff performed non-exempt landscape labor duties for the Defendants based from their business location in Neshanic Station, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the corporate Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for

commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a landscaping business. Defendants' businesses purchase goods and materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Plaintiff Tony Ribera is an adult individual who is a resident of New Brunswick, New Jersey.

11. Plaintiff Ribera was employed by Defendants from in or about August, 2022, until in or about August, 2023 as a landscape laborer performing duties in furtherance of Defendants' landscape services business.

**Corporate Defendants**

12. Simple Cuts is a foreign limited liability company with its main business address listed as 310 Reyna Place, Neshanic Station, New Jersey 08853.

13. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor and services on behalf of Defendants.

**Individual Defendants**

14. Upon information and belief, individual Defendant Ciufo is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, the individual Defendant Ciufo has been an owner, partner, officer and/or manager of the Defendant Simple Cuts.

16. Upon information and belief, at all times relevant to this Complaint, the individual Defendant Ciufo has had power over personnel decisions at the Defendant Simple Cut's business.

17. The individual Defendant Ciufo was regularly present at Defendant's business location and managed the day-to-day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Upon information and belief, individual Defendant DeLillo is a New Jersey state resident.

19. Upon information and belief, at all times relevant to this Complaint, the individual Defendant DeLillo has been an owner, partner, officer and/or manager of the Defendant Simple Cuts.

20. Upon information and belief, at all times relevant to this Complaint, the individual Defendant DeLillo has had power over personnel decisions at the Defendant Simple Cut's business.

21. The individual Defendant DeLillo was regularly present at Defendant's business location and managed the day to day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

22. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

23. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## COLLECTIVE ALLEGATIONS

24. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

25. This action is brought on behalf of Plaintiff and a putative collective consisting of similarly situated employees who performed landscaping work for Defendants.

26. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA, the NJWHL, and the NJWPL, by failing to pay Plaintiff and similarly situated employees' overtime wages at the rate of one and one half times their regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

27. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA, the NJWHL, and the NJWPL, by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half times their regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

28. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

29. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who are or were employed at the Defendants' landscaping business.

30. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

## FACTS

31. Based upon the information preliminarily available, and subject to discovery, beginning from in or about approximately August, 2022 and continuing to August 2023, Defendants

employed the Plaintiff and members of the putative class to perform tasks in furtherance of their landscaping business.

32. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiff and similarly situated employees, for all overtime hours worked in a work week.

33. Defendants refused to pay Plaintiff and similarly situated employees' overtime for the hours that they worked in a work week in excess of forty (40) hours.

34. Plaintiff Ribera was generally paid straight time for all overtime hours.

35. Plaintiff Ribera routinely worked five (5) to six (6) days per workweek.

36. Plaintiff Ribera worked approximately forty-five (45) to fifty-five (55) hours per workweek.

37. Plaintiff rarely worked less than forty (40) hours in a workweek.

38. Regardless of the number of hours that Plaintiff worked each week in excess of forty (40), Defendants generally improperly paid Plaintiff straight time for all his hours worked in a workweek.

39. Plaintiff was rarely, if at all, paid time and one half for his hours worked over forty (40) in a workweek.

40. Upon information and belief, employees similarly situated to Plaintiff were also only compensated straight time for all hours worked, regardless of the fact that they worked in excess of forty (40) hours in a workweek.

41. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

6

42. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

43. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and the NJWPL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for their hours worked in excess of forty(40) within a work week.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

44. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

45. Plaintiff is entitled to additional compensation for each of his overtime hours worked each work week.

46. All similarly situated employees of the Defendants are also owed their overtime rate for each and every overtime hour they worked and were not properly paid.

47. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

48. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

49. Because Defendants' violations of the FLSA have been willful, a three-year statute of

limitations applies, pursuant to 29 U.S.C. § 255.

50. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

51. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

52. Defendants' aforementioned conduct is in violation of the NJWHL. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq.*, the Defendants willfully failed to pay the Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

53. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF COMPENSATION
## PURSUANT TO THE NJWPL

54. Plaintiff Ribera re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

55. Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to pay Plaintiff for all hours worked.

56. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

57. As a result of Defendants' violations, Plaintiff and similarly situated employees, are entitled to liquidated damages as directed pursuant to the NJWPL.

## **JURY TRIAL**

58. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, unpaid wages, interest, attorneys' fees and costs as permitted under the NJWHL;

(3) on their third cause of action, against Defendants in an amount to be determined at trial, unpaid wages, interest, attorneys' fees and costs as permitted under the NJWPL;

(4) and for such other and further relief as this Court deems just and proper.

Dated: September 19, 2023    Respectfully submitted,

/s/ Andrew Glenn
Andrew Glenn, Esq.
E-mail: aglenn@jaffeglenn.com
Jodi J. Jaffe, Esq.
Email: jjaffe@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Tel: (201) 687-9977
Fax: (201) 595-0308
*Attorneys for Plaintiffs*